UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Donald Franklin Trosin, | Case No. 23-cv-1207 (JRT/DLM) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| RRM Minneapolis, | |
| Respondent. | |

Before the Court is Petitioner Donald Franklin Trosin's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1.) In his Petition, Mr. Trosin asserts that the Federal Bureau of Prisons ("BOP") has failed to properly apply the time credits he has earned under the First Step Act of 2018 ("First Step Act") to his sentence. (*Id.* at 6.[1]) Specifically, Mr. Trosin argues that the BOP applied no credits to the period between July 28, 2022, and January 15, 2023. (*Id.* at 7.) As relief, Mr. Trosin asks "the Court to enforce the law and require the [BOP] to appl[y] the missing First Step Act time credits to [his] sentence." (*Id.* at 9.) Mr. Trosin's Petition comes before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[2] and has been referred to the undersigned United States Magistrate Judge for a Report and

---

[1] For ease of reference, citations to docket materials will use the page numbers provided by this District's CM/ECF filing system located on the top right corner of each page.

[2] Mr. Trosin does not bring his Habeas Petition pursuant to 28 U.S.C. § 2254. Even so, the Court may apply the Rules Governing Section 2254 Cases to his Petition. *See* Rule 1(b).

Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons below, the Court recommends that Mr. Trosin's Petition be denied as moot and this matter be dismissed without prejudice for lack of subject-matter jurisdiction.

## BACKGROUND

On February 16, 2023, Mr. Trosin pleaded guilty to committing major fraud against the United States and engaging in a money-laundering conspiracy. *See United States v. Trosin*, Case No. 5:20-cr-4066(1) (LTS/KEM) (N.D. Iowa July 13, 2021) (Doc. 55). On July 13, 2021, a court in the Northern District of Iowa sentenced Mr. Trosin to a 40-month sentence followed by a two-year term of supervised release. *See United States v. Trosin*, Case No. 5:20-cr-4066(1) (LTS/KEM) (N.D. Iowa July 13, 2021) (Doc. 73). Mr. Trosin served his sentence of incarceration at the Federal Prison Camp in Duluth, Minnesota ("FPC Duluth"), and the BOP released him to home confinement on September 21, 2022. (Docs. 11 ¶ 13; 11-7 at 1.) At the time he filed his petition, Mr. Trosin indicated he was residing at a residential reentry center ("RRC"). (Doc. 1 at 1.) According to the government, Mr. Trosin's expected release date is September 6, 2023, (Doc. 10 at 2), although according to the BOP's records, Mr. Trosin appears to have been released on August 7, 2023. *See* BOP, *Find an inmate*, https://www.bop.gov/mobile/find_inmate/byname.jsp (last accessed August 15, 2023).

## ANALYSIS

The First Step Act of 2018 ("FSA"), Pub. L. 115-391, 132 Stat. 5194 (2018), affords incarcerated people "an opportunity to earn Time Credits applicable to their periods of [residential reentry center] placement, home confinement or supervised release, by

2

participating in certain evidence-based recidivism reduction ('EBRR') programs and productive activities ('PAs')." *Salter v. Fikes*, No. 20-cv-2253 (ECT/ECW), 2021 WL 2365041, at *1 (D. Minn. May 5, 2021) (quoting *Hare v. Ortiz*, No. 18-cr-588(1) (RMB), 2021 WL 391280, at *1 (D.N.J. Feb. 4, 2021)), *R. and R. adopted*, 2021 WL 2354934 (D. Minn. June 9, 2021). Congress designed the First Step Act's time credits to "be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). To be eligible for these time credits, a person must meet specific criteria, including—among other things—that they must have earned enough credits to equal the time remaining on their sentence of imprisonment. *Id.* § 3624(g)(1)(A); *see also* 28 C.F.R. § 523.44(b)(1). Additionally, if a person's sentence requires that they "be placed on a term of supervised release after imprisonment . . . , [the BOP's Director] may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits[.]" 18 U.S.C. § 3624(g)(3); *see also* 28 C.F.R. § 523.44(d)(3).

Mr. Trosin contends that the BOP failed to assign him the appropriate credits earned between July 28, 2022, through January 15, 2023. (Doc. 1 at 7.) Respondent contends that Mr. Trosin has earned FSA time credits "between August 17, 2021 (the day that [Mr.] Trosin started his incarceration), [through] May 27, 2023 (the day that the most recent [FSA] recalculation was run [by the BOP])." (Doc. 10. At 3) According to Respondent, this included the challenged period between July 28, 2022, to January 15, 2023, during which Respondent attests that Mr. Trosin "was earning time credits at a rate of 15 days of time credits for every 30 days he was in earning status." (*Id.*) Consequently, Respondent

3

states that—inclusive of the period challenged in Mr. Trosin's Petition—Mr. Trosin had earned "285 days of time credits" and the BOP accordingly adjusted "his projected release date from June 17, 2024, to September 6, 2023 (285 days earlier)." (*Id.*) Because Mr. Trosin's First Step Act time credits have been properly applied to his sentence, Respondent contends that this matter is moot and asks the Court to dismiss it for lack of subject-matter jurisdiction.

"Article III of the Constitution only allows federal courts to adjudicate actual, ongoing cases or controversies." *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003); *see* U.S. Const. art. III, § 2. The requirement that there be a live case-or-controversy exists at all stages of federal case. *Potter*, 329 F.3d at 611. "The 'case or controversy' requirement is not met if 'the question sought to be adjudicated has been mooted by subsequent developments.'" *Roberts v. Norris*, 415 F.3d 816, 819 (8th Cir. 2005) (quoting *Flast v. Cohen*, 392 U.S. 83, 95 (1968)). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000) (alteration in original) (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994) (per curiam)). If there is no longer an active case or controversy, the action is moot and must be dismissed for lack of subject-matter jurisdiction. *Potter*, 329 F.3d at 611; *see Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005) (citing *Powell v. McCormack*, 395 U.S. 486, 496 n.7 (1969)) ("If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction.").

Here, Mr. Trosin asks the Court to order the BOP to apply his earned First Step Act time credits to reduce his sentence accordingly. (Doc. 1 at 9.) The BOP attests that it has done so. (Doc. 10 at 3.) Furthermore, the BOP's records now show that Mr. Trosin has been released on an even earlier date than that given by Respondent. The Court "can no longer grant effective relief [where Petitioner] ha[s] already received the relief he sought in the Petition." *Pritchard v. Marques*, No. 19-cv-1242 (WMW/BRT), 2019 WL 5023208, at *2 (D. Minn. Aug. 19, 2019) (citing *Ali*, 419 F.2d at 724), *R. and R. adopted*, 2019 WL 4957905 (D. Minn. Oct. 8, 2019); *see also, e.g.*, *Craft v. Eischen*, No. 22-cv-1897 (KMM/TNL), 2023 WL 3467231, at *2–3 (D. Minn. Apr. 17, 2023), *R. and R. adopted*, 2023 WL 345543 (D. Minn. May 15, 2023); *Van Zyverden v. Marques*, No. 19-cv-0948 (ECT/LIB), 2020 WL 439908, at *3 (D. Minn. Jan. 8, 2020), *R. and R. adopted*, 2020 WL 438355 (D. Minn. Jan. 28, 2020). Thus, Mr. Trosin's Petition is now moot as "there is no longer any live case or controversy to be resolved in the present case." *Flynn v. Eischen*, No. 22-cv-1265 (ECT/LIB), 2022 WL 18461620, at *6 (D. Minn. Oct. 26, 2022), *R. and R. adopted*, 2023 WL 415162 (D. Minn. Jan. 25, 2023); *see also, e.g.*, *Pritchard*, 2019 WL 5023208, at *2; *Craft*, 2023 WL 3467231, at *2; *Van Zyverden*, 2020 WL 439908, at *3.

The Court next considers whether any exceptions to the mootness doctrine apply here such that this case still presents a controversy for the Court to decide. A case should not be dismissed as moot where:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the [respondent] voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Sayonkon v. Beniecke*, No. 12-cv-27 (MJD/JJK), 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002)), *R. and R. adopted*, 2012 WL 1622545 (D. Minn. May 9, 2012); *see also Ahmed v. Sessions*, No. 16-cv-2124 (DSD/HB), 2017 WL 3267738, at *3 (D. Minn. July 11, 2017), *R. and R. adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017).

None of these exceptions apply here. First, the Court finds no evidence of collateral consequences from the BOP's release of Mr. Trosin to home confinement on September 21, 2022—and ultimately to his term of supervised release on August 7, 2023—despite Mr. Trosin's challenge to the allegedly inaccurate application of his earned First Step Act time credits to his sentence. *Craft*, 2023 WL 3467231, at *3. Second, this case does not involve conduct that could repeat but will evade judicial review because "the matter is too short in duration to be fully litigated before it ends or expires and there is a reasonable expectation that [Petitioner] will be subjected to the same action again." *Scheper v. Rios*, No. 19-cv-402 (MJD/ECW), 2020 WL 4060729, at *3 (D. Minn. June 5, 2020) (alteration in original) (quoting *In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W. Plains, Mo.*, 487 F.3d 1190, 1193 (8th Cir. 2007)), *R. and R. adopted*, 2020 WL 4059875 (D. Minn. July 20, 2020). If Mr. Trosin should be taken into custody again, it would be based on a new set of facts, and thus, he would be free to bring a new habeas petition. Third, there is no evidence that the BOP released Mr. Trosin earlier "simply to avoid judicial review of its prerelease determination or that it is free to reinitiate the challenged conduct once this case is dismissed." *Jefferson v. Jett*, No. 15-cv-3308

(PJS/BRT), 2016 WL 4196824, at *2 n.1 (D. Minn. July 1, 2016) (citing *Deakins v. Monaghan*, 484 U.S. 193, 200 n.4 (1988); *Iowa Prot. & Advocacy Servs. v. Tanager, Inc.*, 427 F.3d 541, 543 (8th Cir. 2005)), *R. and R. adopted*, 2016 WL 4186943 (D. Minn. Aug. 8, 2016). And finally, Mr. Trosin did not allege claims or seek relief on behalf of a class of individuals, but only on behalf of himself. *See Ahmed*, 2017 WL 3267738, at *3.

Given that no exception applies, the Court concludes that this matter is moot and recommends that it be dismissed for lack of subject-matter jurisdiction. *See, e.g.*, *Pritchard*, 2019 WL 5023208, at *2; *Craft*, 2023 WL 3467231, at *3; *Van Zyverden*, 2020 WL 439908, at *3. Furthermore, no evidentiary hearing is necessary to reach this finding and recommendation. *Wallace v. Lockhart*, 701 F.2d 719, 729–30 (8th Cir. 1983) (describing the conditions under which an evidentiary hearing is appropriate—namely, where material facts are in dispute).

## RECOMMENDATION

Based on the above, and on all the files, records, and proceedings in this action, **IT IS RECOMMENDED** that:

1) Petitioner Donald Franklin Trosin's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (Doc. 1), be **DENIED AS MOOT**; and

2) This matter be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

Date: August 15, 2023               s/Douglas L. Micko
                                    DOUGLAS L. MICKO
                                    United States Magistrate Judge

7

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served with a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).